UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

AYAD A.M.A.D.,

                              Plaintiff,

-against-                                                   5:24-cv-1094 (LEK/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I.**       **INTRODUCTION**

      Plaintiff Ayad A. filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security. Dkt. No. 1 ("Complaint"). Both parties filed motions for judgment on the pleadings supporting their respective positions, Dkt. No. 7 ("Plaintiff's Motion"), Dkt. No. 9 ("Defendant's Motion"), and Plaintiff filed a reply, Dkt. No. 10. On June 10, 2025, the Honorable Theresa Dancks, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 11 ("Report and Recommendation"). In the Report and Recommendation, Judge Dancks recommended denying Plaintiff's Motion, granting Defendant's Motion, affirming the decision of the Commissioner, and dismissing the Complaint. *Id.* at 16.

      Plaintiff filed objections to the Report and Recommendation, Dkt. No. 12 ("Objections"), and Defendant filed a response, Dkt. No. 13 ("Response"). For the reasons that follow, the Report and Recommendation is adopted.

## II.     BACKGROUND

The Court assumes familiarity with Judge Danck's Report and Recommendation, as well as with Plaintiff's factual allegations as detailed therein. See R. & R. at 2.

In the Report and Recommendation, Judge Dancks assessed Plaintiff's main argument, namely that "the [residual functional capacity assessment] crafted by the ALJ is unsupported by substantial evidence because he failed to properly consider the opinion of Joshua Blodgett, MHRNP." *Id.* at 6. To do so, Judge Dancks conducted a review of the ALJ's findings and the record to ensure the ALJ's findings complied with the standards governed by 20 C.F.R. § 404.1520c. *Id*. at 7–16. Her analysis relied mainly on the ALJ's analysis of the supportability and consistency factors for evaluating medical opinions established under 20 C.F.R. § 404.1520c(b)(2). *See id*.

With respect to supportability, Judge Dancks noted that the ALJ had properly found that Nurse Practitioner (NP) Blodgett's opinion lacked support from the record evidence. *Id.* at 9. Upon Judge Dancks' review of the record, she noted that while NP Blodgett's opinion explained that Plaintiff could, inter alia, "remember locations and work-like procedures," "perform activities within a schedule," and "respond appropriately to changes in [his] work setting," he generally "has or will have noticeable difficulty from [at least] 11 to 20 percent of the work day or work week" across general areas of mental function. *See id*. at 9–10.

However, Judge Dancks also noted that "[t]he ALJ found NP Blodgett's opinion unpersuasive because [his] treatment notes failed to support his opinion." *Id.* at 10. Based on the record evidence supporting that finding, Judge Dancks found that "Plaintiff was pleasant and cooperative with good eye contact, normal affect, normal grooming, organized and logical thought process, no suicidal ideation, grossly intact cognition, and good insight and judgment."

*Id*. at 11. Ultimately, based on the record evidence, Judge Dancks found that despite NP Blodgett's opining that Plaintiff experienced "moderate to marked limitations in all categories of mental limitation," that fact was "clearly unsupported by both his own records and the explanation provided in support of his opinion." *Id*. at 12.

With respect to consistency, Judge Dancks explained that the ALJ found "NP Blodgett's opinion was also inconsistent with the opinions of Drs. Brown and Kraft." *Id*. at 12. In particular these doctors "opined moderate limitations in interacting with others; and concentrating, persisting, or maintaining pace." *Id*. at 12, 13. Moreover, Judge Dancks noted that the ALJ relied on another doctor, Dr. Tzetzis, who "opined [that Plaintiff had only] mild limitations in nearly all categories of mental limitations." *Id*. at 12. Judge Dancks concluded that, given the record evidence, "NP Blodgett's opinion was not consistent with his own treatment records, the other medical opinions, and the treatment records of other providers." *Id*. at 13.

Finally, Judge Dancks explained that "Plaintiff's argument that the ALJ was required to give more credence to the opinion of NP Blodgett simply because he has examined [him]" was wrong for three reasons. *Id.* at 14. First, because Plaintiff's notion "[was] incorrect as a matter of law." *Id*. (citing *Crystal B. v. Comm'r of Soc. Sec.*, No. 22-CV-356, 2024 WL 3568876, at *12 n.5 (W.D.N.Y. July 29, 2024)). Next, "because the ALJ found Plaintiff's subjective complaints about his mental limitations were not entirely consistent with the other evidence of record." *Id*. at 1415 (citing *David C. v. Comm'r of Soc. Sec.*, No. 23-CV-6510, 2024 WL 4347151, at *18 (W.D.N.Y. Sept. 30, 2024)). Lastly, Judge Dancks explained that the ALJ found NP's Blodgett's opinion was largely "based on claimant's subjective self-reporting, rather than on any objective clinical findings," and therefore unpersuasive. *Id.* at 15.

Ultimately, Judge Dancks recommended dismissal because she found: 1) "the ALJ properly concluded that NP Blodgett's opinion was unpersuasive because the opinion was based on subjective reports not objective findings such as a medically acceptable clinical and laboratory diagnostic techniques;" 2) "[the opinion] was not supported by his treatment notes regarding Plaintiff;" and 3) "it was inconsistent with other medical evidence in the record." *Id*.

### III.   LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the

4

record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.  DISCUSSION

At the outset, the Court adopts those portions of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the legal framework set forth in the Report and Recommendation, familiarity with which is presumed for purposes of this decision. R. & R. 1–5, 7–8.

Plaintiff objects to the Report and Recommendation on two main grounds. First, Plaintiff contends that Judge Dancks improperly "provide[d] her own articulation of the supportability of NP Blodgett's opinion" when "the ALJ's own proper evaluation of the supportability factor because [was] lacking." Obj. at 1–3. Second, as to Judge Dancks' consistency analysis, Plaintiff objects to her "attempts to substitute her own citations of the record rather than acknowledging the ALJ's lack of articulation." *Id*. at 3–5. Specifically, Plaintiff avers that Judge Dancks' disregards the ALJ's lack of "explanation whatsoever regarding the consistency of NP Blodgett's opinion as compared to the remainder of the medical evidence." *Id*. at 4.

The Court observes that Plaintiff's objections on the surface read as objections to the Report and Recommendation, but the substance of the objections mirror the arguments presented in Plaintiff's Motion regarding the supportability and consistency of NP Blodgett's opinion. *Compare* Plaintiff's Motion at 9–15 *with* Obj. at 1–5. Yet, now the argument is not only that the ALJ erred by not properly considering NP Blodgett's opinion, but generally that Judge Dancks

5

provided impermissible post-hoc rationalizations to justify the ALJ's reasoning. *See* Obj. 1–5. The Court thus agrees with the Commissioner that "Plaintiff is presenting arguments already offered and rejected." Resp. at 2; *see also Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review[.]").

But, even under a *de novo* review, Plaintiff's objections fail. Plaintiff's argument seems to assert that "because the evidence Magistrate Judge Dancks discussed was not identical to the evidence the ALJ discussed," *Barrington C. v. Comm'r of Soc. Sec.*, No. 24-CV-528, 2025 WL 1682610, at *2 (N.D.N.Y. June 16, 2025), Judge Dancks engaged in an "improper *post hoc* rationalization." Obj. at 3; *id.* at 4 ("Judge Dancks again attempts to substitute her own citations of the record rather than acknowledging the ALJ's lack of articulation."). Yet, "[h]aving reviewed the record evidence in question *de novo*, the Court finds this argument unpersuasive." *Barrington C.*, WL 1682610, at *2.[1]

Accordingly, after carefully reviewing the relevant findings in this action, including Magistrate Judge Dancks' thorough Report and Recommendation and Plaintiff's and Defendant's responses thereto, the Court can find no error, clear or otherwise, in the Report and

---

[1] Plaintiff's Counsel is reminded that "an ALJ is not required to discuss every piece of evidence submitted,' and the 'failure to cite specific evidence does not indicate that such evidence was not considered.'" *Banyai v. Berryhill*, 767 F. App'x 176, 177 (2d Cir. 2019)) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)). And if "substantial evidence supports the ALJ's findings they must be sustained 'even where substantial evidence may support the [P]laintiff's position." *Jeremy G. v. Comm'r of Soc. Sec.*, No. 24-cv-506, 2025 WL 1507232, at *2 (N.D.N.Y. May 5, 2025) (alteration in original) (quoting *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)).

Recommendation. Magistrate Judge Dancks employed the correct legal standards, accurately portrayed the facts, and reasonably applied the law to the facts in this case.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Magistrate Judge Dancks' report and recommendation, Dkt. No. 11, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 7, is **DENIED**; and it is further

**ORDERED**, that Defendant's motion for judgment on the pleadings, Dkt. No. 9, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     September 29, 2025
           Albany, New York

LAWRENCE E. KAHN
United States District Judge